UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:15-CR-39-KKC-REW-1 |
| v. | ) ) | RECOMMENDED DISPOSITION |
| CHARLES DAVID GREENE, | ) ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court, on referral, *see* DE #31, considers reported violations of supervised release conditions by Defendant, Charles David Greene. This District originally convicted Greene in July 2015 of engaging in a conspiracy to distribute a controlled substance, namely Suboxone and alprazolam. DE #28 (Judgment). Chief Judge Caldwell sentenced Greene to time served (37 days), followed by a two-year term of supervised release. His supervised release term commenced on July 6, 2015.

The United States Probation Office (USPO) issued a Supervised Release Violation Report on September 30, 2015, and secured a warrant from Judge Caldwell on the same day. DE #29 (Order). Defendant appeared before the undersigned for initial proceedings under Federal Rule of Criminal Procedure 32.1 on October 6, 2015. DE #33 (Minute Entry). The Court, upon referral from the District Judge, set and conducted a final hearing. *See* DE #36 (Minute Entry). Greene validly stipulated to the violations as described by the Report, and the Court offered the parties the opportunity to present any proof and make any argument concerning the proper disposition of the matter. *Id.* The Court also expressly informed Defendant of his reserved right

1

of allocution before the District Judge. *Id.*

At the final hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to all of the allegations (as described in the Report), after the Court afforded Greene all rights due under Rule 32.1 and 18 U.S.C. § 3583. The Report alleges that, on September 16, 2015, Greene submitted a urine sample that tested positive for cocaine and, upon questioning, admitted using crack cocaine approximately two to three days prior. The Report also charges that use of cocaine is the legal equivalent of simple possession, and thus, on this record, felony conduct. At the final Rule 32.1 hearing, Greene validly stipulated to each violation. The conduct confessed would violate the Judgment's restriction against controlled substance use and committing additional crime. DE #28 (Judgment). Defendant accepted responsibility at the final hearing and stipulated that, in the supervised-release context, each violation occurred as described. The stipulation and record, including preliminary test results and Greene's admission of use, establish the violative conduct under Rule 32.1 and § 3583.[1] The parties presented specific sentence recommendation to the Court, namely, revocation and incarceration for six (6) months followed by a continuation of the previously imposed term of supervised release on the same conditions. The United States proffered the close proximity of the violation to Defendant's release and some initial untruthfulness with USPO regarding his post-release living situation as justification for the sentence recommendation. *See* USPO Report. Defendant briefly allocuted.

The Court has evaluated the full record, including the original conviction, the original sentencing memorandum, and the Violation Report. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

---

[1] The proof standard is a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3), which Defendant's stipulation and the USPO Report obviously satisfy.

2

Under § 3583, a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Greene's § 846 conviction was for a Class C felony. Sentencing Memorandum, p. 2; 21 U.S.C. § 841(b); 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under § 3583 is two (2) years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1(a)(2), the nature of Defendant's admitted conduct would qualify as a Grade B violation.[2] With a criminal history category of I (the category at the time of the conviction) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 4-10 months. Again, he faces a 2-year maximum term.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the current and any prior violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b)

---

[2] This is because the Sixth Circuit deems use the equivalent of possession. *United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) (citing *United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995)). Cocaine possession under § 844(a) would be a felony given Greene's prior drug convictions, including the original federal conviction and/or a possession of a controlled

3

apply "[e]xcept as otherwise provided." *Id.* § 3583(b). In this instance, the Court could potentially reimpose up to a lifetime term of supervised release. *See* 21 U.S.C. § 841(b)(1)(E)(iii) & (b)(2); 18 U.S.C. § 3583 (h).

The Court has carefully weighed the nature and circumstances of the offense[3] and Defendant's particular history and characteristics. Greene fully admits to use of crack cocaine during his term of supervised release. In fact, he immediately admitted his illegal action following his positive drug test when questioned by the USPO. Greene, by counsel, averred that he made a one-time mistake and used crack cocaine as a result of a bad influence entering his life. Further, Greene again accepted responsibility for his violative conduct in open court and offered a sincere apology.

Additionally, Defendant has displayed positive behavioral indications since his arrest on the original conviction. Greene performed well on bond and demonstrated a willingness and ability to lead a drug-free life by successfully completing in-patient drug treatment prior to sentencing. And again, Greene's immediate and continued acceptance of responsibility weighs in his favor. Considering the generally mandatory statutory revocation in these circumstances, *see* 18 U.S.C. § 3583(g), the fact that Defendant has not previously violated the terms of his supervised release, and his swift acceptance of responsibility, the Court finds revocation, and an accompanying term of incarceration below that recommended by the parties, warranted on the terms stated herein.

---

substance (hydrocodone) conviction (Fayette District Court, 2000).

[3] The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). This observation does not detract from but

Per the USPO Report, and Defendant's own admissions, the Court, therefore, finds that Greene has violated the conditions of his release as described in the Violation Report.

The Court **RECOMMENDS**, based on the violations found:

1. Revocation and incarceration for **4 months.**

2. Following release, Defendant shall be placed on a term of supervised release for **22 months**. This essentially is the full remaining balance of supervision properly imposed by Judge Caldwell.

3. The terms of supervision shall be the same as previously imposed. The Court stresses that Defendant shall participate in a program of inpatient or outpatient substance abuse treatment if and as directed by USPO.

After consideration of the entirety of Chapter 7, and applying the binding statutory factors in § 3553, the Court views the recommended sentence as sufficient but not greater than necessary to effectuate and comply with the statute's purposes. The Court carefully took the views of the United States and defense into account in reaching this result. On the Court's view, incarceration for six months is more than is necessary under the statute in this context. All evidence points to Greene's violative use of crack cocaine being a one-time occurrence and not an indication of a return of the larger drug abuse problem for which Defendant previously received treatement. When combined with the fact that this violation is Greene's first, the Court finds a recommendation at the bottom of the guideline range appropriate. The Court does not lightly venture below what the parties jointly recommend; however, for a first time violation suggestive of an isolated misstep, as to a defendant with several positive accomplishments, the Court is reluctant to treat the grade of conduct as warranting a midrange sentence. The Court

---

rather shapes the Court's analysis of the statutory factor encompassing offense conduct.

5

recognizes the positive steps Greene has taken up to this point and is hopeful that revocation will serve as a wake-up call leading to and clarifying the requirement of better decisions in the future. This particularly includes associational choices as a vulnerability for Greene.

Defendant's right of allocution under Rule 32.1 persists, as reflected in the record. Any waiver should comport with the Court's standard waiver form, which the Court provided to defense counsel following the hearing. Absent waiver, the District Judge will set the matter for a hearing to include allocution.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). Within 14 days of the date of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 20th day of October, 2015.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge